IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

RON KANE and KAREN KANE,                    )
                                            )
            Plaintiffs,                     )
                                            )
vs.                                         )  No. 05-3219
                                            )
THE VILLAGE OF SOUTHERN VIEW, an )
Illinois municipal corporation, JANIE       )
STANLEY, Individually and in her Official   )
Capacity, NORA PETROSKY, Individually       )
and in her Official Capacity, The V.O.I.C.E. )
OF SOUTHERN VIEW, INC., an Illinois         )
not-for-profit corporation, JANIS GRAY,     )
Individually, WALTER ADE, Individually,     )
and LEROY SOLOMON, Individually,            )
                                            )
            Defendants.                     )

OPINION

RICHARD MILLS, U.S. District Judge:

        This case is before the Court on motions to dismiss, pursuant to

Federal Rule of Civil Procedure 12(b)(6), filed by all Defendants: The

V.O.I.C.E. of Southern View, Inc., Janis Gray, Walter Ade, and Leroy

1

Solomon [d/e 18]; and The Village of Southern View, Janie Stanley and Nora Petrosky [d/e 21].[1]

## I. FACTUAL ALLEGATIONS

Plaintiffs Ron and Karen Kane have filed a seven-count complaint. Six of the seven counts are brought pursuant to 42 U.S.C. § 1983. Accordingly, the Plaintiffs have invoked this Court's "federal question" jurisdiction, under 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, the Plaintiffs have also asserted a supplemental state law claim for intentional infliction of emotional distress.

The Plaintiffs allege that at all relevant times, they resided at property commonly known as 3133 Carman, Springfield, Sangamon County, Illinois. The property is located within Defendant Village of Southern View ("the Village"), an Illinois municipal corporation and body politic situated in Sangamon County, Illinois. The Plaintiffs' property consists of two lots,

---

[1]Pending also is the Plaintiffs' motion to strike a reply brief filed by some of the Defendants. The Defendants acknowledge that a reply to a response to a motion to dismiss is not permitted by Local Rule 7.1(b)(3) and have withdrawn that brief. Accordingly, the Plaintiffs' motion to strike the Defendants' reply brief [d/e 28] is DENIED AS MOOT.

one improved with a single family residence and the other now improved with a garage. The residence at 3133 Carman is owned by Charles Killen of Peoria, Illinois; however, the Plaintiffs have resided at that address for more than one year and have been authorized by Mr. Killen to have full control over the property regarding its maintenance, construction of primary and secondary buildings thereon and its disposition.

The Plaintiffs allege that Defendants Janie Stanley and Nora Petrosky were at all relevant times residents of the Village and were elected members of the Board of Trustees of the Village. Another Defendant, The V.O.I.C.E. of Southern View, Inc. ("the V.O.I.C.E."), is a not-for-profit corporation, organized and existing under the laws of the State of Illinois. Defendants Janis Gray and Leroy Solomon were at all relevant times residents of the Village and officers, directors and members of the V.O.I.C.E. Defendant Walter Ade was a resident of the Village and a member of the V.O.I.C.E.

At all relevant times, the Village had in full force and effect a comprehensive Code of Ordinances which provided for zoning regulations for the Village. In October 2003, the Village passed Ordinance No. 03-10-

3

01, an amendment to the Zoning Ordinances.  The amendment provided for the sale and service of automobiles in the "C-1" Commercial District.

On February 10, 2004, the Plaintiffs submitted a memorandum to Peggy Grapengeter, the Zoning Trustee for the Village, therein requesting that a hearing be scheduled on the Plaintiffs' request for "a variance to allow for a commercial business to operate at 3133 Carman."  On May 7, 2004, while still waiting for their requested hearing, the Plaintiffs submitted an Application for Building Permit to the appropriate Village official.  The building permit detailed the proposed garage construction having dimensions of 60' long by 36' wide by 13' high.

On May 7, 2004 David Green, a member of the Village's Board of Trustees who administered building permits for the Village, reviewed the Plaintiffs' Application for Building Permit and subsequently approved the application.  On June 7, 2004, the Plaintiffs received notice from the Village that a hearing was scheduled for June 22, 2004 on their request for variance.

The Plaintiffs allege that they appeared at the hearing and were confronted with approximately sixty other residents of the Village appearing

4

in apparent opposition to the variance.  Because of the hostility exhibited by other residents, the Plaintiffs were forced to obtain entry into the Village Hall through a back door while being escorted by Village police officers. Some individuals began surging into the building's door and surrounding walls while the Plaintiffs were inside.  These individuals acted in a hostile manner while the Plaintiffs were in a confined space, thereby placing the Plaintiffs in imminent fear of harm.

The Village Zoning Board of Appeals eventually moved the hearing from the Village Hall to an open air pavilion located in a park approximately a quarter of a mile from the Village Hall.  Over the Plaintiffs' objection, the hearing on their request for a variance took place on that date and lasted approximately three hours and twenty minutes.  The Plaintiffs' application for a variance was then denied.

The Plaintiffs allege that on July 12, 2004, the Zoning Board of Appeals submitted their written Findings and Recommendations to the Village's Board of Trustees regarding the Plaintiffs' request for a variance. In the Findings and Recommendations, the Zoning Board of Appeals

5

repeatedly referred to the Plaintiffs' request for variance as an attempt to re-zone the property and further stated that the Board was critical of the building permit, which had been previously approved by Village officials.

On July 12, 2004, the Board of Trustees for the Village met to, among other purposes, review the Zoning Board of Appeals' denial of the Plaintiffs' request for a variance and to vote on such request. At the meeting, a quorum of the Members of the Board of Trustees of the Village was present and the Board voted three to two to reject the Zoning Board of Appeals' denial and to grant the Plaintiffs' request for a variance.

The Plaintiffs allege that on July 14, 2004, certain residents of the Village, including Defendants Janie Stanley and Janis Gray, brought an action in the Sangamon County Circuit Court in Case Number 04-CH-398, therein seeking a declaratory judgment and injunctive relief. The residents who brought this action sought to declare invalid the vote of the Village's Board of Trustees granting the request for a variance, to prohibit the occupation of the garage and operation of the automobile service business therein and to seek demolition of the garage. Following the hearing, the

6

Honorable Robert Eggers preliminarily enjoined the Plaintiffs from using the garage for any use not permitted of a residential garage in the Village.

On July 20, 2004, the Village's Board of Trustees convened a special meeting for the purposes of re-voting on the Plaintiffs' request for a variance. Upon the re-vote, the request for a variance received three affirmative votes and three negative votes, which was insufficient to grant the request.

Because of the deadlock in voting at the July 20, 2004 meeting, the Village rescinded the variance previously granted to the Plaintiffs. Thus, the Plaintiffs are currently allowed to use the garage only as a residential garage. The subject of the Plaintiffs' request for use variance is currently the subject of litigation pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, in Case Number 2005-L-056.

On September 15, 2004, the V.O.I.C.E. filed its Articles of Incorporation with the Illinois Secretary of State, therein listing Gray as a registered agent and a director and Stanley as a director. According to a newsletter published by the V.O.I.C.E., Gray is the chairperson and Stanley

is the treasurer of the corporation.

On April 5, 2005, Stanley and Petrosky were elected to serve as trustees of the Village and were sworn in as trustees at a Village Board meeting held on May 9, 2005, along with two other newly-elected members who were believed to be dues-paying members of the V.O.I.C.E. The Plaintiffs note, therefore, that upon swearing in, four of the seven individuals entitled to vote on Village matters were affiliated with that Defendant either as directors, officers or members.

## II. ANALYSIS

### A. Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. <u>Ledford v. Sullivan</u>, 105 F.3d 354, 356 (7th Cir. 1997). A complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Id.</u> (citations omitted). A plaintiff basically needs only to plead claims for relief. <u>See</u> <u>Doe</u>

8

v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).  "[F]actual details and legal arguments come later."  Id.

### B. Motion to dismiss of the V.O.I.C.E., Gray, Ade and Solomon

#### (1)

Defendants the V.O.I.C.E., Gray, Ade and Solomon contend that Counts IV, V, VI and VII should be dismissed because the Defendants are not state actors acting under color of state law, as is required for an action under 42 U.S.C. § 1983.  Moreover, the complaint should be dismissed because the actions complained about did not deprive the Plaintiffs of a constitutionally protected life, liberty or property interest without due process of law.

In their motion, the Defendants note that the following counts are directed at them: (1) Count IV includes a § 1983 claim against Ade and Solomon for allegedly violating the Plaintiffs' constitutional rights by acting under color of law in conspiracy with Nora Petrosky by taking pictures of the Plaintiffs' garage from a public vantage point; (2) Count V contains a § 1983 claim against Gray for allegedly violating the Plaintiffs'

9

constitutional rights by acting under color of state law in conspiracy with Stanley by taking pictures of their garage from a public vantage point; (3) Count VI includes a § 1983 claim against the V.O.I.C.E. for allegedly violating the Plaintiffs' constitutional rights by acting under color of state law in conspiracy with Petrosky and Stanley; (4) Count VII contains a state law claim for intentional infliction of emotional distress against all of the individual Defendants.

(2)

Regarding Count IV, the Defendants argue that neither Ade nor Solomon violated the Plaintiffs' civil rights when Ade drove his car down Carman Avenue and Solomon took two photographs from the passenger seat of the vehicle. The Defendants claim that neither individual was acting under color of state law, and the Plaintiffs were deprived of no federal rights. They contend that the Plaintiffs' claim that the individuals were acting under color of state law because Southern View Board Trustee Nora Petrosky allegedly "advised them to take pictures of activities going on in the Plaintiffs' private garage" should be rejected because that allegation is

10

contradicted by the police report, which is attached to the Plaintiffs' complaint. However, it is the complaint–not the police report–that the Court assumes to be true at this stage of the litigation. The Defendants contend that even assuming the truth of the complaint's allegations, the act of simply giving advice to a Village member and taking advice from a Village trustee does not constitute a conspiracy that would make Ade or Solomon's actions under color of state law. Moreover, there is no evidence that these private individuals reached an "understanding" with state officials.

The Plaintiffs contend that Petrosky directed the activities of Ade and Solomon and requested their assistance in placing the Plaintiffs under surveillance and subsequently photographing their property, persons and associations. This resulted from the "concerted communication and action" between the private actors and Petrosky. The Plaintiffs contend that this argument is further bolstered by the membership of each of the three individuals in the V.O.I.C.E.

(3)

As for Count V, the Defendants allege that Gray's alleged act of taking

11

pictures of the Plaintiffs' home while parked in her car on a public street did not constitute action under color of state law or involve the deprivation of any federal right.  The allegation that the pictures of the Plaintiffs' garage property were taken from the property of Southern View Board Trustee Stanley is contradicted by the police report.  Even assuming the truth of the complaint's allegations, the Defendants assert that allowing Gray to park her car in a private driveway does not lead to a conclusion that she was acting under color of state law.   There is no evidence that any "understanding" was reached with state officials to meet the conspiracy requirement.

The Plaintiffs' allegations arguably suggest that Gray was acting at the direction of Stanley.  The Plaintiffs claim that Gray conspired with Stanley in placing their home under surveillance and in filing a false police report in an effort to deprive them of their constitutional right to quiet enjoyment of their property and to be free of harassment and intimidation from the Defendants.

(4)

The Defendants argue that Count VI should be dismissed because the V.O.I.C.E. was not acting under color of state law and the Plaintiffs were not deprived of any federal rights because of the actions of that Defendant. They contend that the Plaintiffs have alleged no facts that this private entity was acting in conspiracy with Petrosky and/or Stanley or did anything at all.

The Plaintiffs allege that each of the individual Defendants are members of V.O.I.C.E. and have conspired in the manners alleged. Moreover, that entity's actions are closely tied to the association of Board of Trustees members Petrosky and Stanley and their continued involvement in the organization.

In contending that the various counts should be dismissed, many of the Defendants" arguments include phrases such as "There is no evidence that . . ." or "Plaintiffs have not alleged any facts . . ."  However, a litigant need not present evidence or allege any facts at this stage.  "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule

13

of law *requires* a complaint to contain that allegation?" <u>Doe</u>, 429 F.3d at 708 (emphasis in original). "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." <u>Kolupa v. Roselle Park District</u>, __ F.3d __, 2006 WL 306955 at *1 (7th Cir. Feb. 10, 2006).[2]

"To state a § 1983 claim against an individual, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. <u>See</u> <u>Kelley v. Myler</u>, 149 F.3d 641, 648 (7th Cir. 1998). A private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right. <u>See</u> <u>Proffitt v. Ridgway</u>, 279 F.3d 503, 507 (7th Cir. 2002) (citing <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28 (1980)).

Counts IV, V and VI satisfy the above criteria. Because the Plaintiffs have alleged sufficient facts under Fed. R. Civ. P. 8(a) to put these

---

[2]Rule 9(b) provides in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Defendants do not suggest that the Plaintiffs have failed to properly allege fraud or mistake.

14

Defendants on notice of the claims, the Court will DENY the Defendants' motion to dismiss as to Counts IV, V and VI.

### C. Motion to dismiss of the Village, Stanley and Petrosky

(1)

The Village, Janie Stanley and Nora Petrosky have moved to dismiss Counts I, II, III and VII. Count I is directed at Stanley; Count II is directed at Petrosky, and Count III is directed at the Village. The Defendants note that each of those counts includes allegations that the Plaintiffs have "the right to life, liberty and property; to be secure in their home; to the right and [sic] property and to be free from harassment." The Defendants assert that in Counts I and II, the Plaintiffs claim that Stanley and Petrosky committed separate and distinct acts that deprived them of those rights. The Defendants further contend that the Plaintiffs' theory against the Village in Count III (whether the Village is directly or vicariously liable for the acts of the individuals) is not clear.

(2)

The Defendants allege that the Court should dismiss Counts I and II

15

because the Plaintiffs' allegations, including the exhibits attached to the complaint, do not demonstrate that they were deprived of a federally guaranteed right. They contend that the Plaintiffs have not clearly pled how Stanley's alleged act of reporting to the police, or Petrosky's purported act of instructing other Defendants to take photographs, could have deprived them of any federally guaranteed rights. The Defendants claim that they assume that because the Plaintiffs do not plead the loss of a property right or a denial of due process, they must be alleging the deprivation of a right of privacy and/or a purported right to be free from harassment.

The Defendants contend that none of the traditional Fourteenth Amendment privacy rights are raised in the Plaintiffs' complaint. Moreover, the Plaintiffs have not alleged that the purported harassment was motivated because they belonged to a constitutionally protected class of citizens or that it caused a deprivation of property without due process. Consequently, the Defendants assert that the alleged "harassing" behavior of Stanley and Petrosky could not have caused the Plaintiff to suffer a constitutional deprivation. The Defendants further argue that Counts I and II should be

dismissed because the Plaintiffs' allegations, including the attached exhibits, do not show that Stanley and Petrosky were acting under color of law.

The Plaintiffs contend that Stanley's conduct in directing police officers to their residence under the guise of a false report and conspiring with Gray to place the Plaintiffs' home under surveillance goes to the very heart of the fundamental right to privacy in one's home.  Additionally, Petrosky's activities in directing Ade and Solomon to the Plaintiffs' home for purposes of placing it under surveillance implicate the same rights.

As for their harassment claim, the Plaintiffs contend that their allegations are sufficient and that a particular amount or degree of harassment need not be alleged.  Moreover, the allegations of the complaint demonstrate more than simple verbal harassment or abusive language.

The Court agrees that the Plaintiffs have alleged sufficient facts to withstand a motion to dismiss as to Counts I and II.  A complaint need not include much detail in order to comply with Rule 8(a).  While the Defendants argue that the complaint lacks certain allegations, none of those omitted allegations are required by Rule 9(b).  To the extent that the

17

Defendants are confused by some of the Plaintiffs' allegations, that problem will presumably be remedied during discovery. The Defendants' motion to dismiss as to Counts I and II is DENIED.

(3)

Next, the Defendants contend that the Court should dismiss Count III because the Plaintiffs' allegations against Stanley and Petrosky fail and because they have failed to adequately plead a direct action against the Village. Based on their argument that the Plaintiffs' allegations against Stanley and Petrosky do not state a cause of action pursuant to § 1983, the Defendants argue that the Village cannot be liable under § 1983 "directly or indirectly" for the behavior of the individual Defendants. Citing Abbot v. Village of Winthrop Harbor, 205 F.3d 976, 981 (7th Cir. 2000), the Defendants note that a municipality cannot be held liable under § 1983 on a respondeat superior theory. In order to hold the Village liable under § 1983, the Plaintiffs must prove that a municipal policy or custom caused their injury.[3] See id.

---

[3]The Defendants allege that the Plaintiff must *plead* and prove that a municipal policy or custom caused their injury. However, Abbot does not address the pleading

18

The Defendants acknowledge that the Plaintiffs have pled that the individual Defendants were acting in furtherance of the policy of the Village. This should end the inquiry at this stage of the litigation. However, the Defendants assert that the Plaintiffs have not pled: (1) an express policy that causes a constitutional deprivation; (2) a widespread practice that is so commonplace as to constitute a custom or usage with the force of law; or (3) an allegation that the cause of injury was caused by someone with final policymaking authority.

In their response, the Plaintiffs allege that the Defendants fail to understand the theory of the count asserted against the Village. The Plaintiffs contend that the Village is liable for a failure to supervise and/or prevent the unlawful acts of Stanley and Petrosky as members of the Board of Trustees of the Village. Paragraph 43 of the complaint states in part:

> [P]ursuant to policy, the Village knowingly, recklessly or with gross negligence failed to instruct, supervise, control and discipline Defendants Stanley and Petrosky in their duties as

requirements for a § 1983 action against a municipality; that case was before the Seventh Circuit following a bench trial. 205 F.3d at 977-78. Accordingly, neither Abbot (nor Federal Rule of Civil Procedure 9(b)) specifically requires a plaintiff to include that allegation in his complaint.

> Trustees to refrain from unlawfully and maliciously harassing and invading the privacy of Plaintiffs, thereby violating their constitutional rights and privileges; conspiring to violate the rights and privileges guaranteed to Plaintiffs by the constitutional laws of the United States and otherwise depriving Plaintiffs of their constitutional and statutory rights and privileges.

Based on the foregoing, the Plaintiffs have alleged the existence of an express policy which causes a constitutional deprivation. That is one of the ways in which a municipality can be deemed liable for a civil rights violation under § 1983. See Abbot, 205 F.3d at 981. Accordingly, the motion to dismiss as to Count III is DENIED.

(4)

Finally, all of the Defendants contend that Count VII, which asserts claims for intentional infliction of emotional distress against the individual Defendants, should be dismissed because the conduct alleged by the Plaintiffs is not sufficiently extreme and outrageous. Individuals are liable under this tort only for acts which are truly "outrageous" and are "calculated to cause severe emotional distress to a person of ordinary sensibilities." Knierim v. Izzo, 22 Ill.2d 73, 86, 174 N.E.2d 157, 164 (1961) (citation

20

omitted).

The Defendants contend that their actions are much less extreme and outrageous than those which have been deemed egregious enough to support an action under the tort.  The Plaintiffs assert that the actions of the individual Defendants resulted in intimidation and harassment directly under the authority of the Village.  This resulted in the Defendants being placed in a position of power over the Plaintiffs.  They further allege that the Defendants knew that this "abuse of power" would result in emotional distress on the part of the Plaintiffs.

A plaintiff must establish three requirements to prove intentional infliction of emotional distress: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must intend that his conduct inflict severe emotional distress, or at least realize that the conduct will cause severe emotional distress; and (3) the conduct must cause such severe emotional distress.  See McGrath v. Fahey, 126 Ill.2d 78, 86, 533 N.E.2d 806, 809 (1988).  "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are not enough to prove the tort.  Id., 533

21

N.E.2d at 809 (citation omitted).   Whether the conduct is sufficiently extreme and outrageous is judged on an objective standard, after examining the facts of the particular case.   See Honaker v. Smith, 256 F.3d 477, 490 (7th Cir. 2001) (applying Illinois law).   The Defendants note that it is a question of law for courts to determine whether a complaint alleges conduct sufficiently extreme and outrageous so as to state a cause of action for intentional infliction of emotional distress.   See Beresky v. Teschner, 64 Ill. App.3d 848, 853-54, 381 N.E.2d 979, 983 (2d Dist. 1978).

After examining the Plaintiffs' complaint and the parties' briefs, it would appear that the conduct alleged by the Plaintiffs may not be sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress.   However, the Court declines at this time to make that finding as a matter of law.   The parties can further develop the facts throughout the discovery period.   After the conclusion of discovery, it may be appropriate for the Court to revisit the issue of whether the conduct alleged by the Plaintiffs is sufficiently extreme or outrageous to support a claim for intentional infliction of emotional distress.

22

<u>Ergo</u>, the motion of Defendants The V.O.I.C.E. of Southern View, Inc., Janis Gray, Walter Ade and Leroy Solomon to dismiss Counts IV, V, VI and VII [d/e 18] is DENIED.  The motion of Defendants The Village of Southern View, Janie Stanley and Nora Petrosky to dismiss Counts I, II, III and VII [d/e 21] is DENIED.   The Plaintiffs' motion to strike the Defendants' reply to their response brief [d/e 28] is DENIED AS MOOT.

The parties are Directed to contact United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

Enter: March 10, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge

23