IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RON KANE and KAREN KANE, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE VILLAGE OF SOUTHERN VIEW, an )<br>Illinois municipal corporation, JANIE )<br>STANLEY, Individually and in her Official )<br>Capacity, NORA PETROSKY, Individually )<br>and in her Official Capacity, The V.O.I.C.E. )<br>OF SOUTHERN VIEW, INC., an Illinois )<br>not-for-profit corporation, JANIS GRAY, )<br>Individually, WALTER ADE, Individually, )<br>and LEROY SOLOMON, Individually, )<br>)<br>Defendants. ) | No. 05-3219 |

OPINION

RICHARD MILLS, U.S. District Judge:

In an Opinion and Order entered on July 30, 2007, the Court allowed the Defendants' joint motion for summary judgment. Judgment was entered in favor of the Defendants and against the Plaintiffs. Pending before the Court are motions for attorney's fees [d/e 100] and bills of costs

1

[d/e 99] submitted by Defendants Village of Southern View, Janie Stanley and Nora Petrosky and motions for attorney's fees [d/e 101] and bills of costs [d/e 104] submitted by Defendants Janis Gray, Walter Ade, Leroy Solomon, The V.O.I.C.E. of Southern View, Inc.

Plaintiffs Ron and Karen Kane's complaint under 42 U.S.C. § 1983 was premised on their assertion that their constitutional rights were violated when a group of citizens of the Village of Southern View, one of the Defendants, began organizing and meeting in opposition to the construction of a structure on Plaintiffs' property. The Court concluded that the Defendants were entitled to summary judgment because they were not state actors acting under color of state law and thus could not be liable under section 1983. Moreover, the Plaintiffs did not show that they were deprived of a federally guaranteed right.

I. Motions for Attorney's Fees

A. Motion filed by the Village, Stanley and Petrosky

In support of their motion for attorney's fees, Defendants Village of Southern View, Janie Stanley and Nora Petrosky argue that the claims

brought pursuant to 42 U.S.C. § 1983 were utterly groundless and without foundation.[1] Throughout the litigation, the Defendants have contended that the Plaintiffs have failed to plead any facts to establish that any individual Defendant deprived Plaintiffs of a federally guaranteed right or acted under the color of law. The Defendants note that they have also consistently asserted that Plaintiffs have not pled, and would not be able to prove, that a municipal policy or custom caused their injury.

The Defendants further contend that when they filed a motion for summary judgment, the Plaintiffs made no responsive attempt to articulate how they were deprived of a federally guaranteed right by Janie Stanley's alleged act of reporting to the police, or Nora Petrosky's purported act of instructing other Defendants to take photographs. The Defendants allege that Plaintiffs make no attempt to explain how they could prove any named Defendant was acting under "color of law" and also failed to identify a municipal policy or custom to establish the Village's liability.

The Defendants assert that in lieu of a responsive argument to refute

---

[1] Count I is directed at Stanley; Count II is directed at Petrosky, and Count III is directed at the Village of Southern View.

3

the Defendants' summary judgment arguments, the Plaintiffs appeared to assert a new basis for recovery in their response. They claim, however, that minimal research revealed that under the "Noerr-Pennington" doctrine, the Defendants were immune from liability for their effort to band together, file suit, win election and pass legislation in opposition to Plaintiffs' pole barn and/or neighborhood auto repair business. According to the Defendants, the Plaintiffs' failure to even attempt to provide the Court with an argument to support the original factual allegations in their complaint clearly demonstrates that those allegations were groundless and without foundation. Morever, the Plaintiffs have not explained how the newly asserted conduct caused the deprivation of federally protected rights; how they could prove Defendants were acting "under color of law;" or how this conduct became a "municipal policy or custom." The Defendants contend that not only do the Plaintiffs provide no argument, or case citation, to connect the newly asserted facts to a legal theory of liability, the facts of the new theory described the Defendants' political advocacy, which is protected under the "Noerr-Pennington" doctrine. See Tarpley v. Keistler, 188 F.3d

788, 793-97 (7th Cir. 1999).

The Defendants also contend that Plaintiffs failed to develop any evidence to support their claim for intentional infliction of emotional distress. In their response to the Defendants' motion for summary judgment, the Plaintiffs conceded that the Defendants did not engage in extreme or outrageous conduct which is required to support such an action. They acknowledged, moreover, that no Defendant caused the Plaintiffs to suffer severe emotional distress. Thus, the Defendants allege that Plaintiffs' original factual allegations were groundless and without foundation.

Counsel for these Defendants states that the total fees incurred and paid in defense of Plaintiffs' allegations in this case exceed $18,818.20, which does not include the fees incurred in preparing the motion for attorney's fees.

B. Motion filed by The V.O.I.C.E., Gray, Ade and Solomon

For many of the same reasons, Defendants The V.O.I.C.E. of Southern View, Inc., Janis Gray, Walter Ade and Leroy Solomon also contend that they are entitled to attorney's fees. Count IV alleged that Ade

5

and Solomon violated Plaintiff's civil rights when Ade drove his car down the public street while Solomon took two photographs of Plaintiffs' garage from the passenger seat. It was alleged that Petrosky, a Southern View Board trustee, advised them to take pictures of the activities happening in Plaintiff's garage. The Defendants contend that Plaintiffs did not offer any further evidence to bolster their "color of law" argument. Even if the Plaintiffs could have provided evidence that the Defendants were state actors, the Plaintiffs would still be unable to establish that taking photographs from a public street violate a person's constitutional rights.

The Defendants note that in Count V, the Plaintiffs allege that their civil rights were violated when Gray took pictures of their home while parked in her car on a public street across from the home. The Defendants claim that Plaintiffs attempted to show state action by asserting that Gray took the pictures from the property of Southern View Village Trustee Stanley. However, the police report states that Gray took the photos from a public road. The Defendants note that the "color of law" argument would fail anyway because Stanley had not yet been sworn in as a trustee at the

time she allegedly instructed Gray to take the pictures.

In Count VI, the Plaintiffs alleged that Defendant V.O.I.C.E. violated their rights by acting in conspiracy with other Defendants and in conspiracy with Petrosky and/or Stanley. The Defendants assert that no facts were alleged to support these allegations, and V.O.I.C.E. did nothing at all by way of involvement in the allegations contained in the case. The Defendants state that on this point particularly, they join the arguments made by Stanley and Petrosky in their motion. Regarding the intentional infliction of emotional distress claim in Count VII, the Defendants basically make the same arguments made by the other Defendants in their motion for attorney's fees.

Counsel for these Defendants requests attorney's fees in the amount of $21,385.42.[2]

C. Plaintiffs Combined Response to Motions for Attorney's Fees

---

[2] The Court notes that the Defendants seek relief under section 42 U.S.C. § 1988(b) not only against the Plaintiffs, but also against the Plaintiffs' former counsel who has not represented Plaintiffs since November 2006. However, section 1988 does not allow for the recovery of attorney's fees against an attorney. The Defendants do not cite 28 U.S.C. § 1927, Rule 11 or any other possible basis for awarding fees.

In response to the Defendants' motions, the Plaintiffs allege that the Defendants' disagreement with the complaint's allegations and the Court's award of summary judgment in Defendants' favor do not make the claims frivolous or vexatious. The Plaintiffs emphasize that the substantive allegations of their complaint have not been denied, but were admitted by the Defendants. Specifically, no Defendant denied that Plaintiffs' house was placed under surveillance and that numerous photographs were taken of the house. Regarding the incident that occurred on April 27, 2005, although Stanley had not yet been sworn in as a member of the Board of Trustees of the Village of Southern View, she had been elected to the post on April 5. As for the incident occurring on July 10, 2005, Petrosky was a member of the Board of Trustees of the Village and the deposition testimony of Petrosky, Ade and Solomon was inconsistent as to who directed the photos to be taken of the Plaintiffs' home and the purpose of the photos.

The Plaintiffs contend that Stanley has admitted that no court order exists which contained the language which she reiterated to Southern View

police officers. They assert that at the time she made what amounted to this false police report, she was a sworn member of the Village's Board of Trustees. Additionally, it is not disputed that citizens of the Village banded together in opposition to the Plaintiffs' use of their property, obtained court relief prohibiting Plaintiffs' intended use, sought elective office and upon being elected, took steps to prohibit Plaintiffs' chosen profession from being practiced in the Village. The Plaintiffs claim that whether this is later determined to be protected activity under the Noerr-Pennington doctrine, when such activity is viewed in conjunction with the other actions directed against Plaintiffs, including the surveillance of their home and the submission of false police reports, such activities could certainly support subjective personal beliefs that there were ongoing efforts to violate their civil rights by officers and citizens of the Village.

The Plaintiffs further claim that while the Defendants were ultimately successful, this does not detract from Plaintiffs' personal beliefs that they were the subject of an organized and continuing campaign of harassment and discrimination. Thus, this action was the proper forum in which to seek

redress of their grievances. The Plaintiffs state that the fact that they were unsuccessful does not detract from the validity and good faith of their claims.

D. Applicable Law

"In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Although the statute specifies that such an award is within the court's discretion, "it is clear that prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois, 424 F.3d 659, 675 (7th Cir. 2005). A prevailing defendant may be entitled to attorney's fees under section 1988(b) only if "the plaintiff's action was frivolous, unreasonable, or groundless." Id. (citations omitted). A suit is frivolous "if it has no reasonable basis, whether in fact or in law." Id. (quoting Tarkowski v. Lake County, 775 F.2d 173, 176 (7th Cir. 1985)). A district court may award attorney's fees to a defendant under section

1988 for work performed defending concurrently filed frivolous pendent state law claims.  Munson v. Milwaukee Board of School Directors, et al., 969 F.2d 266, 269, 272 (7th Cir. 1992).

The Plaintiffs contend that on two occasions, the Court has had the opportunity to make specific findings that Plaintiffs' complaint was frivolous, unreasonable or without foundation.  However, no such findings were made in the Court's 23-page Opinion denying the motion to dismiss filed by the Defendants, nor were there any such findings in the Court's lengthy Opinion granting the Defendants' summary judgment motion.  The Plaintiffs note that the fact that a plaintiff may ultimately lose is not enough to justify an award of fees to a defendant.

In its Opinion granting the Defendants' motion for summary judgment, the Court observed that it was difficult to determine the precise nature of the federally guaranteed right which the Plaintiffs were alleging was implicated.  Although it was not clear from the record, the Court stated "it appears that they are now alleging primarily violations of their right to liberty and property."  Whatever the contours of the alleged violation, the

11

Court concluded that because the Plaintiffs failed to create a genuine issue of material fact as to whether any Defendant was acting "under color of law," summary judgment in favor of the Defendants was appropriate. It is apparent that the Plaintiffs should have recognized that some of the complaint's allegations–such as the incident of April 27, 2005 which occurred before Stanley was sworn in as a trustee–did not involve state action.

Despite the weaknesses with the Plaintiffs' claims, the Court does not believe this is a case that can be described as frivolous, unreasonable or groundless. The Court is unable to say that "Plaintiffs' personal beliefs that they were the subject of an organized and continuing campaign of harassment and discrimination" were in bad faith. The Court declines to exercise its discretion to award attorney's fees to the Defendants under section 1988.

## II. Bills of Costs

The statute pertaining to taxation of costs provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

**(1)** Fees of the clerk and marshal;

**(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

**(3)** Fees and disbursements for printing and witnesses;

**(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;

**(5)** Docket fees under section 1923 of this title;

**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Only those items that are listed in the statute may be taxed as costs. Winniczek v. Nagelberg, 400 F.3d 503, 504 (7th Cir. 2005) (citations omitted).

The Court has reviewed the bills of costs submitted by Defendants Village of Southern View, Stanley and Petrosky and by the V.O.I.C.E. of Southern View, Inc., Gray, Ade and Solomon, and the Plaintiffs' responses to each filing.

The Plaintiffs request that the bill of costs submitted by the Village,

Stanley and Petrosky in the total amount of $1,778.06 be reduced by the total amount of $667.07, representing $5.20 in postage and handling from the Capitol Reporting Service, Inc. invoice dated July 20, 2006; $66.33 for copy charges and $5.00 for postage and handling as reflected on the Patkes Reporting Service invoice dated January 8, 2007; $196.98 in copy charges, $13.80 in additional copy charges, postage and handling as reflected in the Patkes Reporting Service invoice dated October 16, 2006; $42.00 for the copies obtained from the United States Bankruptcy Court, the Recorder of Deeds office and the Sangamon County Circuit Clerk, and $337.76 for mileage reimbursement. The Plaintiffs assert that if costs are going to be taxed, they should be taxed in the reasonable amount of $1,110.99.

The Plaintiffs further request that the bill of costs submitted by the V.O.I.C.E. of Southern View, Gray, Ade and Solomon in the total amount of $987.57 be reduced by the total amount of $480.70, representing the $104.00 overcharge for the deposition transcripts of Ron and Karen Kane; the $263.31 overcharge for all remaining copies of deposition transcripts, and the $113.40 charge for the transcript of the hearing held on November

21, 2005 in state court.

The Court finds that most of the Plaintiffs' objections have merit. As for the first bill of costs, costs will be taxed in favor of the Defendants in the amount of $1,152.99. Regarding the other Defendants, costs will be taxed in an amount of $620.26.[3]

Ergo, the motion for attorney's fees filed by Defendants Village of Southern View, Janie Stanley and Nora Petrosky [d/e 100] is DENIED. The motion for attorney's fees of Defendants Janis Gray, Walter Ade, Leroy Solomon and The V.O.I.C.E. of Southern View [d/e 101] is DENIED. Costs are hereby taxed in favor of the Defendants the Village of Southern View, Stanley and Petrosky and against the Plaintiffs in the amount of $1,152.99. Costs are hereby taxed in favor of Defendants Gray, Ade, Solomon and The V.O.I.C.E. of Southern View and against the Plaintiffs in the amount of $620.26. The Clerk is Directed to amend the judgment

---

[3]The Court declines to strike certain costs on the basis that the materials were not "necessarily obtained for use in the case," under 28 U.S.C. § 1920(4). Given the difficulty with determining the precise nature of the Plaintiffs' claims, the Court has no reason to doubt that the copies and transcripts were "necessarily obtained for use in the case."

previously entered in this case accordingly.

ENTER: October 29, 2007

        FOR THE COURT:

                s/Richard Mills
                United States District Judge